THE STATE, EX REL. COLLETT ET AL., *v.* SCHLESINGER ET AL.

*Public contracts—Highways—False certificate that funds available—Contract may be invalidated against contractor, when.*

Where the county auditor makes a certificate of funds to support a contract to construct a road improvement, and such certificate is false, the contract may be invalidated in a court of equity as against a contractor who has made no expenditures and incurred no liability under his contract.

(Decided March 5, 1926.)

APPEAL: Court of Appeals for Franklin county.

*Mr. George E. Schroth,* for plaintiff.
*Mr. C. C. Crabbe,* attorney general, and *Mr. J. C. Williamson,* for defendants.

ALLREAD, J.    The action in the court below was brought against George F. Schlesinger, Director of the Department of Highways and Public Works of the State of Ohio, and others, to enjoin the carrying out of a contract for the construction of a highway in Seneca county.   The county's portion of the construction contract amounted to $51,000. The auditor of Seneca county certified that said amount was in the county treasury, or in process of collection, and that it was unappropriated for other purposes.   This certificate was false, to the extent of $22,000.

The contract was let to a contractor on August 7, 1925, and the petition in this case was filed August 25, 1925.   The contractor sets up that he expended about $1,500 under the contract.   This fact is denied by the reply, and it is conceded on the trial that the contractor made no expenditures under the contract, and that his only claim to equitable consideration is that he entered into the contract referred to.

While it is true that under the letter of the statute the contract was regular, after the certificate of funds was actually made and filed, nevertheless we are clear that, as between public officers acting for the public, and the contractor who has made no expenditures under the contract, a false certificate of funds would be no certificate in the eye of the law.   We are of opinion that the certificate should be held to be true or false according to the facts as they exist at the time the certificate is made.

Counsel for defendants urge that because penalties are provided for against an officer making a

false certificate, the Legislature intended to make the certificate conclusive evidence in support of the contract. We cannot reach that conclusion. The penalties provided for against the party making the certificate were imposed, not only to indemnify the public, or others injured thereby, against a false certificate, but to make it less probable that a false certificate would be issued. We find nothing in the statutes which would prevent the public, or a taxing body acting for the public, from repudiating a contract based upon a false certificate, especially in the absence of equities acquired in the carrying forward of the contract.

We are therefore of opinion that the contract here involved is invalid, and that this action should be sustained and the defendants be enjoined from the execution and performance of the contract. There are other questions presented upon which we express no opinion.

*Decree for plaintiff.*

FERNEDING and KUNKLE, JJ., concur.